## SKEEN v GOWDY

Ohio Appeals, 2nd Dist, Clark Co

No 320.  Decided Dec 29; 1933

Frank S. Monnett, Columbus, for plaintiff in error.

Harry C. Hull, Springfield, Clem V. Collins, Springfield, and Horace W. Stafford, Springfield, for defendant in error.

464

## OPINION

By BARNES, J.

From briefs filed there is an indication that the court probably felt that the plaintiff failed by reason of the fact that the action was not brought within four years prescribed under the statute after the discovery of the claimed fraud. The record discloses that within a very short period of time after plaintiff's purchase of stock, the Dollings Company and its subsidiaries failed and were placed in the hands of receivers. The International Securities Company was one of the subsidiaries for which a receiver was appointed. The untruthfulness of the fraudulent representations made by the Dollings Company to the plaintiff was known to her more than four years preceding the filing of her action. However, it is plaintiff's claim that she did not know of the agency until April 1926, and that the statute would only run from that date. There is some doubt if plaintiff presents the correct rule.

However, we find that the record justifies and sustains the directed verdict on another ground and therefore it is not necessary to determine the controlling date on the question of statute of limitations.

After a very careful examination of the record we find that there is a total failure of evidence establishing the agency of the R. L. Dollings Company. The plaintiff testifies that the three shares of stock issued to her was direct from the company. She did not receive a transferred certificate from the defendant to her. She never saw the certificate issued to the Gowdys and never talked to them. She claims that in 1926, she was informed that the three shares of stock she received had previously been held by the Gowdys. No other testimony is presented through which it may be inferred that the three shares of stock purchased by Mrs. Skeen had previously been owned by the Gowdys. Mrs. Gowdy in her answer says that her husband during his lifetime did own three shares of International Securities and that after his death the same came into her hands as executor of his estate; that she does not have personal knowledge of the sale of this stock since all details were handled by her attorney, Mr. Bowman. The attorney is now deceased. There is a further averment in the answer that if perchance the Dollings Company did procure this three shares of stock it was by purchase and not handled as her agent. From this state of the record the trial court would only be warranted in saying there was no evidence on the material and vital issue.

In arriving at our conclusion, we desire to say that we have examined the testimony of Mrs. Gowdy in cross examination relative to a Mr. Wiser's connection with the sale of all the stock coming to her through her husband; that Mr. Wiser is a son-in-law of Mr. Benham and that Mr. Benham was the President of the Dollings Company. But the mere fact that Mr. Wiser was the son-in-law of the president of the Dollings Company can not be accepted as proof that he was representing the Dollings Company.

We have also considered the testimony of plaintiff wherein she states that her first knowledge of the Dollings Company was through Mr. Wiser and this talk was about a year previous to her transaction. This bit of testimony does not disclose that he, even at that time, was representing the Dollings Company.

If, in our search for a scintilla of evidence we should say that Mr. Wiser was connected with the Dollings Company, we still have no evidence of agency. It is just as inferable that the Dollings Company purchased the stock outright as it is that they were representing Mrs. Gowdy as her agent. This question was made a direct issue through the pleading and we have no evidence upon it at all.

It is our conclusion that the trial court committed no error in directing a verdict. The petition in error will be dismissed at costs of plaintiff in error. Exceptions will be allowed.

HORNBECK, PJ, and KUNKLE, J, concur.